UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



-------------------------------------------------------x**ROBINSON**

KERLIN DE LOS SANTOS,

           Plaintiff,

    - against -

JUST WOOD FURNITURE, INC. d/b/a
JUST WOOD and EIGHT NINETY ONE
LONGFELLOW CORP.,

           Defendants.

-------------------------------------------------------x

Docket No.:

**ECF CASE**

# COMPLAINT

**PLAINTIFF DEMANDS
A JURY TRIAL**

# 05 CIV. 9369

    Plaintiff, KERLIN DE LOS SANTOS, by his attorneys, GOODSTEIN & WEST,

complaining of the Defendants, allege as follows:

    1.    This is an action to remedy the failure of Defendants to properly pay Plaintiff

overtime at the rate of time-and-a-half as required by the Fair Labor Standards Act of 1938, as

amended, 29 USC §201 *et seq.* and for retaliation, pursuant to the FLSA, 29 USC §215(a)(3).

Jurisdiction is conferred upon this Court by 29 USC §216 (b) of the Fair Labor Standards Act, by

28 USC §1331, as this action arises under the laws of the United States, and by 28 USC §1337, as

this action arises under Acts of Congress regulating commerce.  Additionally, under the principle

of pendent jurisdiction, Plaintiff claims failure of Defendants to pay wages due and owing, pursuant

to the New York State Labor Law §190 *et seq.*, and §652(1); and for failure to pay Plaintiff overtime

at the rate of time-and-a-half as required by 12 NYCRR §142-2.2.

## PARTIES

2.      Plaintiff, KERLIN DE LOS SANTOS, (hereinafter "DE LOS SANTOS") is a resident of the County of the Bronx, City and State of New York.

3.      Defendant JUST WOOD FURNITURE, INC. (hereinafter "JUST WOOD"),  is a New York corporation with offices located at 891 Longfellow Avenue, Bronx, New York 10474. Defendant JUST WOOD is an employer engaged in interstate commerce, and subject to the Fair Labor Standards Act (29 USC §201 et seq.) and to the New York State Labor Law (Labor Law §§190 *et seq*.).   Defendant JUST WOOD is an "employer" for purposes of the Worker's Compensation Law, Art. 1 §2.

4.      Defendant EIGHT NINETY ONE LONGFELLOW CORP. (hereinafter "891"),  is a New York corporation with offices located at 100 Grandview Avenue, White Plains, New York 10601. Defendant 891 is an employer engaged in interstate commerce, and subject to the Fair Labor Standards Act (29 USC §201 et seq.) and to the New York State Labor Law (Labor Law §§190 *et seq*.). Defendant 891 is an "employer" for purposes of the Worker's Compensation Law, Art. 1 §2.

5.      Defendants JUST WOOD and 891 are nominally separate entities who are part of a single integrated enterprise having common ownership and/or management and both of which formed a single employer of Plaintiff.


## FACTS

6.       Plaintiff was hired by Defendant JUST WOOD in Spring 2002 as a driver.  Plaintiff was jointly employed by Defendants until terminated on September 9, 2005.

7.      At the time of his termination, Plaintiff held the position of Warehouse Manager.

-2-

8.      As warehouse manager, Plaintiff held a salaried position.

9.      Plaintiff went from an hourly to a salaried position in July 2004, at which time Plaintiff was earning $200.00 weekly.

10.     As of October 1, 2004, Plaintiff was earning $500.00 weekly; $350.00 salary and $150.00 transportation bonus.

11.     At the time of his termination in September 2005, Plaintiff was earning $552 weekly; $300.00 salary and $252.00 transportation bonus.

12.     Plaintiff was always required to work six (6) days a week, averaging from 8:00 a.m. to 5:00 p.m. or later daily.

13.     Upon hiring, Plaintiff was advised that Defendant JUST WOOD provided each employee receive six (6) paid holidays, six (6) paid sick days and one (1) week's paid vacation annually.

14.     Defendants failed or refused to pay to Plaintiff holiday pay.

15.     Defendants failed or refused to pay to Plaintiff sick pay.

16.     Defendants failed or refused to pay Plaintiff his accrued vacation time.

17.     Defendants failed or refused to allow Plaintiff to take lunch breaks.

18.     Defendants did not pay Plaintiff overtime wages.

19.     After Plaintiff became a salaried employee in 2004, Defendants continued to and frequently did deducted wages from Plaintiff's salary for absences of less than one full day.

20.     After Plaintiff became a salaried employee in 2004, Defendants deducted from Plaintiff's wages for partial or full day absences taken by Plaintiff for personal reasons or for illness.

-3-

21.    On April 27, 2005, Defendant JUST WOOD deducted from Plaintiff's wages five (5) hours for Plaintiff's alleged opening late at work.

22.    On December 24, 2004, Defendant JUST WOOD only paid to Plaintiff two (2) days of Plaintiff's one week earned vacation time.

23.    On numerous dates in 2005, Defendant JUST WOOD deducted hours, half-days, full days and multiple days from Plaintiff's wages.

24.    In 2004, Plaintiff sustained an on-the-job physical injury that necessitated Plaintiff obtain medical treatment in a hospital emergency room.

25.    Defendants failed and refused to file a Worker's Compensation Claim for Plaintiff's work related injury.

26.    Defendants deducted from Plaintiff's wages the costs of the hospital bill.

27.    Defendants made unauthorized deductions from Plaintiff's wages for the days Plaintiff missed from work due to Plaintiff's injury.

28.    Defendants made unauthorized deductions from Plaintiff's wages, claiming "employee loan."

29.    On September 9, 2005, Plaintiff once again approached partner Brian Kelly requesting that Plaintiff be paid the vacation time owed to him and that he be reimbursed the days that had been deducted from his salary.

30.    On September 9, 2005, Plaintiff was summarily terminated as a result of his formal complaints to Defendants about Defendants' violation of Plaintiff's statutory rights.

31.    Months earlier, Plaintiff had previously been threatened with termination for his voicing his same complaints to Defendants' partners and/or owners about his benefits and salary

-4-

being withheld and denied.

## AS AND FOR A FIRST CAUSE OF ACTION

32.    Plaintiff repeats and re-alleges each allegation contained in each preceding paragraph of this Complaint as though fully set forth herein.

33.    Although Plaintiff worked overtime as a driver during the period Spring 2002 through July 2004, he did not receive overtime compensation for this period.

34.    Plaintiff earned Ten ($10.00) Dollars per hour during the time he was a driver.

35.    Plaintiff did not receive any compensation for the hours he worked over forty (40) per week.

36.    Plaintiff did not receive overtime payment at the rate of time-and-a-half, in violation of the Fair Labor Standards Act, although he worked more than forty (40) hours per week.

37.    Defendants' failure to pay Plaintiff wages and overtime at the rate of time-and-a-half was willful.

## AS AND FOR A SECOND CAUSE OF ACTION

38.    Plaintiff repeats and re-alleges each allegation contained in each preceding paragraph of this Complaint as though fully set forth herein.

39.    Although Plaintiff was classified as a Manager and a salaried employee, Defendants made impermissible deductions from Plaintiff's salary.

40.    Since Defendant's policy or practice authorized deductions for partial-day absences, lateness and sick days, Plaintiff was a nonexempt employee and covered by the FLSA.

41.    As a covered employee, Plaintiff was entitled to overtime payments at the rate of

time-and-a-half.

42.    Plaintiff worked overtime weekly during the period July 2004 until his termination in September 2005.

43.    Plaintiff did not receive compensation for this period.

44.    Plaintiff did not receive overtime compensation at the rate of time-and-a-half for this period.

45.    Plaintiff's regular rate of pay should have been $13.80 per hour, based upon his earning of $552.72 weekly gross.

46.    Plaintiff was not permitted to take a lunch time or break and had to also work during these unpaid times.

47.    Plaintiff did not receive wage compensation or overtime payments at the rate of time-and-a-half, in violation of the FLSA, although he worked more than forty (40) hours per week.

48.    Defendants' failure to pay Plaintiff wage compensation and overtime at the rate of time-and-a-half was willful.

## AS AND FOR A THIRD CAUSE OF ACTION

49.    Plaintiff repeats and re-alleges each allegation contained in each preceding paragraph of this Complaint as though fully set forth herein.

50.    During Plaintiff's employment with Defendants, Defendants made impermissible deductions from Plaintiff's salary.

51.    Plaintiff was not reimbursed for the impermissible deductions taken from his salary.

52.    Plaintiff was not permitted to take a lunch time or break and had to also work during

those times for which he was not paid.

53.     Plaintiff earned $13.16 per hour, based upon his 7 hours a day, 6 days a week for a 42 hour standard work week, earning $552.72 weekly gross.

54.     Plaintiff did not receive wages for hours worked, in violation of the FLSA.

55.     Defendants' failure to pay Plaintiff wages was willful.

### AS AND FOR A FOURTH CAUSE OF ACTION

56.     Plaintiff repeats and re-alleges each allegation contained in each preceding paragraph of this Complaint as though fully set forth herein.

57.     After Plaintiff complained to the managing owners, on September 9, 2005, of Defendants' continued failure to pay to Plaintiff his accrued vacation pay and Plaintiff's demand that the unlawful deductions be returned, Defendants immediately terminated Plaintiff's employment.

58.     Plaintiff's termination was a direct act of reprisal or retaliation for Plaintiff having complained again about Defendants' failure to pay Plaintiff vacation and Defendants impermissible deductions from Plaintiff's pay.

59.     Defendants' conduct in terminating Plaintiff in retaliation for his formal Complaints to management/owners violated FLSA, §215(a)(3)[1].

---

[1] Plaintiff contends his conduct, in filing a complaint with his employer/owner, not to a supervisor, is covered by FLSA §215(a)(3) and is to be distinguished from Lambert v. Genesee Hospital, 10 F.3d 46 (2d Cir. 1993). Plaintiff further believes that holding to be wrongly decided and it is inopposite to the majority of the Circuits that have addressed the issue on whether a cause of action for reprisal lies when an internal formal complaint is made.

60.    Defendants' action in terminating Plaintiff was willful and intentional.

## AS AND FOR A FIFTH CAUSE OF ACTION
## PENDENT CAUSE OF ACTION

61.    From Spring 2003 through July 2004, Plaintiff was denied overtime at the rate of time-and-a-half in violation of 12 NYCRR §142-2.2;

62.    From Spring 2003 through July 2004, Plaintiff was denied wage compensation for hours worked and for improper deductions, in violation of Labor Law §190 *et seq.*, and §652(1).

63.    From July 2004 through September 9, 2005, Plaintiff was denied overtime at the rate of time-and-a-half in violation of 12 NYCRR §142-2.2.

64.    From July 2004 through September 9, 2005, Plaintiff was denied wage compensation for hours worked and for improper deductions, in violation of Labor Law §190 *et seq.,* and §652(1).

**WHEREFORE**, Plaintiff requests that this Court enter an Order in favor of Plaintiff and against Defendants determining:

**On The Fair Labor Standards Act Causes of Action**

(a)    That Defendants violated the Fair Labor Standards Act (29 Code USC §201 *et seq.*) for the period between Spring 2002 through and including September 9, 2005;

(b)    That Defendants' violation of the Fair Labor Standards Act was willful;

(c)    Granting Plaintiff payment of his hourly wage for each and every hour worked during this periods and reimbursement of all impermissible deductions taken from Plaintiff's salary;

(d)    Granting Plaintiff time-and-a-half for each and every hour worked overtime

    (e)    Granting Plaintiff an equal amount in liquidated damages for the period dating

            three (3) years before the filing of this Complaint; and

    (f)    Awarding Plaintiff his cost and reasonable attorneys fees, together with such

            other and further relief as to the Court seems just and proper.

## On the New York State Labor Law Cause of Action

    (g)    That Defendants violated the New York State Labor Law and 12 NYCRR

            §142-2.2;

    (h)    Declaring that Defendants' violation of the New York State Labor Law and

            12 NYCRR §142-2.2 was willful;

    (i)    Granting Plaintiff payment of his hourly wage for each and every hour worked

            during this periods and reimbursement of all impermissible deductions taken

            from Plaintiff's salary;

    (j)    Awarding Plaintiff for the period Spring 2002 through September 9, 2005, a

            payment for overtime at the rate of time and-a-half for working over forty

            (40) hours per week during the period;

    (k)    Finding that Defendants' refusal to pay Plaintiff the required correct wages

            was willful, and awarding Plaintiff an additional amount as liquidated damages

            equal to twenty five (25%) percent of the total amount of wages found to be

            due; and

    (l)    Awarding Plaintiff reasonable attorney's fees.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues properly before this Court and all questions of fact

raised by this Complaint.

Dated: New Rochelle, New York
           October 28, 2005

Yours, etc.,

**GOODSTEIN & WEST**

By: _____

  **PAULA JOHNSON KELLY (PJK 8889)**
*Attorneys for Plaintiff*
56 Harrison Street, Suite 401
New Rochelle, New York 10801
(914) 632-8382

## ATTORNEY'S VERIFICATION

I, PAULA JOHNSON KELLY, an attorney duly admitted to practice law in the U.S. District Court, Southern District of New York, state as follows:

That I am the attorney with the Firm of Goodstein & West, attorneys of record for the plaintiff in the within action; and I have read the foregoing COMPLAINT, and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

That the reason this verification is being made by me and not by plaintiff is that plaintiff resides in a County other than Westchester County, where we maintain our offices.

The grounds for my belief as to all matters not stated upon my own personal knowledge are as follows: Available records, consultation with the plaintiff and investigation.

I affirm that the foregoing statements are true under penalty of perjury.

Dated: New Rochelle, New York
       November 1, 2005

PAULA JOHNSON KELLY ( PJK 8889 )